J-A07007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN A. SPANOS, | |
| Appellant | No. 1070 WDA 2014 |

Appeal from the Order Entered June 2, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000803-2007

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED APRIL 13, 2015**

Appellant, John A. Spanos, appeals from the trial court's June 2, 2014 order denying his petition seeking enforcement of the terms of his guilty plea.  At the time of his guilty plea, Appellant was required to register under Megan's Law for a term of ten years.  Subsequent legislative action has increased Appellant's registration requirement to a term of twenty-five years.  After careful review, we affirm.

Appellant entered an open guilty plea before the trial court on July 11, 2007, to two offenses,[1] "in relation to a series of online chats of a sexual nature between [Appellant] and a Special Agent from the Child Predator Unit

_____

[1] Appellant pled guilty to attempted unlawful contact with a minor, 18 Pa.C.S. §§ 901, 6318; and criminal use of a communication facility, 18 Pa.C.S. § 7512.

of the Office of the Attorney General posing as a 13-year-old girl." Trial Court Opinion (TCO), 9/2/14, at 1. On November 2, 2007, the court sentenced Appellant to five years' probation. Pursuant to the version of Megan's Law in effect at that time, Appellant was required to register as a sex offender for ten years.[2] No direct appeal or post-conviction petition was ever filed.

On December 20, 2012, a new version of Megan's Law became effective, bringing Pennsylvania in compliance with the federal Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. § 9799.10 *et seq.* Under SORNA, Appellant is retroactively required to register as a sex offender for twenty-five years. On February 19, 2013, in light of this development, Appellant filed a counseled "Petition for Habeas Corpus and/or Seeking to Enforcement [sic] of a Plea Agreement" and, subsequently, a "Supplement to Petition Seeking to Enforce Plea Agreement" amending his initial filing. These documents are hereinafter referred to, collectively, as "the Petition."

_____

[2] Prior to the imposition of the ten-year registration requirements, and before sentencing, Appellant was ordered to undergo an assessment to determine whether he is a sexually violent predator (SVP) under Megan's Law, a designation that would have required him to register as a sex offender for life. The trial court ultimately found that Appellant is not an SVP.

The trial court denied the Petition on June 2, 2014. Appellant filed a timely appeal, as well as a timely Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on September 2, 2014.

Appellant now presents the following question for our review:

> Did the trial court err in refusing to impose the period of registration as a sex offender under SORNA (Megan's Law) that was initially imposed and agreed upon, such that [Appellant] may only register for a 10 year period?

Appellant's Brief, at 5 (unnecessary capitalization omitted).

Appellant asserts that because he agreed to report under Megan's Law for a period of ten years at the time he pled and was sentenced, he should not be required to report for twenty-five years as dictated by SORNA. He bases this claim on this Court's decision in **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa. Super. 2013)(*en banc*), *appeal denied*, 95 A.3d 276 (Pa. 2014).

Hainesworth pled guilty to sexual offenses under the version of Megan's Law in effect prior to the implementation of SORNA. Hainsworth was charged with multiple offenses, one of which carried Megan's Law reporting requirements upon conviction, aggravated indecent assault (AIA). However, pursuant to a plea agreement, the Commonwealth withdrew the AIA charge, and Appellant pled guilty to three counts each of statutory sexual assault and indecent assault, as well as a single count of criminal use of a communication facility. None of the pled-to offenses carried Megan's Law reporting requirements at the time of Hainesworth's plea. Had

Hainesworth been convicted of AIA at that time, however, he would have been required to register under Megan's Law for life.

SORNA was implemented in Pennsylvania two years after Hainesworth entered his plea. Under SORNA, Hainesworth's conviction for indecent assault required him to register under Megan's Law for twenty-five years because he was still under supervision for that offense when SORNA became effective. Consequently, Hainesworth sought to terminate his probation in anticipation of SORNA's implementation. The trial court denied that request; however, the court "entered an order stating that Hainesworth was not subject to the registration requirements of SORNA" as a matter of fundamental fairness and pursuant to due process principles. *Id.* at 446. The Commonwealth appealed from that order.

On appeal, the *Hainesworth* Court first recognized the importance of plea bargains to the administration of criminal justice:

> The reality of the criminal justice system is that nearly all criminal cases are disposed of by plea bargains: "[n]inety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas." *Missouri v. Frye*, ––– U.S. ––––, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012) (internal citations omitted). Plea bargaining "is not some adjunct to the criminal justice system; it is the criminal justice system." *Id.* Accordingly, it is critical that plea agreements are enforced, "to avoid any possible perversion of the plea bargaining system." *Commonwealth v. Fruehan*, 384 Pa.Super. 156, 557 A.2d 1093, 1094 (1989) (internal citations omitted).

*Hainesworth*, 82 A.3d at 449.

Given the importance of enforcing plea bargains, and the serious nature of registration and reporting requirements under Megan's Law, the *Hainesworth* Court then concluded that "[i]n negotiating a plea that will not require him to register as a sex offender, the defendant trades a non-trivial panoply of rights in exchange for his not being subject to a non-trivial restriction. Fundamental fairness dictates that this bargain be enforced." *Id.* at 449. The *Hainesworth* Court relied, in part, on the decision of the United States Supreme Court in *Santobello v. New York*, 404 U.S. 257 (1971), wherein the high Court ruled that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. Because the *Hainesworth* Court concluded that Hainesworth's plea agreement had "been precisely structured so that Hainesworth would not be subjected to a registration requirement[,]" the *Hainesworth* Court upheld the trial court's order refusing to retroactively apply SORNA's Megan's Law registration requirements to him. *Id.* at 448.

Instantly, Appellant contends the *Hainesworth* rule should apply to his case as well. He asserts that the record in this case demonstrates that the terms of his plea were understood to carry a 10-year registration requirement, which has been retroactively extended pursuant to SORNA. However, the trial court rejected this claim, finding that "the record in its entirely suggests that [Appellant's] plea was not made to exempt [him] from any more lengthy registration requirements, as he pled guilty to all charges

- 5 -

and did not bargain for the withdrawal of any more serious charges." TCO, at 4. Indeed, there is no evidence of record that Appellant negotiated the terms of his plea. Rather, the record shows that he entered an open guilty plea before the trial court. Accordingly, there was no 'bargain' upon which Appellant could be said to have relied on in entering his plea with regard to his Megan's Law obligations. Furthermore, Appellant, unlike Hainesworth, pled guilty to charges which carried pre-SORNA registration requirements. Hainesworth negotiated a plea whereby he was not subject to any long-term supervision under Megan's Law before the implementation of SORNA.

Appellant suggests that **Commonwealth v. Partee**, 86 A.3d 245 (Pa. Super. 2014), supports application of the **Hainesworth** rule to his case. However, the holding in that case was that Partee was "not entitled to specific performance of a negotiated plea bargain that he subsequently breached." **Partee**, 86 A.3d at 246. Thus, technically, **Partee** is not on-point. Nevertheless, Appellant asserts that the **Partee** court recognized, or stands for the proposition, that in reviewing whether the **Hainesworth** rule applies, we must look "at the totality of the circumstances surrounding the guilty plea[,]" and not just whether the explicit terms of a plea bargain demonstrate whether the Megan's Law implications were negotiated. Appellant's Brief, at 12.

We agree with Appellant that we must examine the context of the whole record, and not just explicit terms expressed in a written plea agreement, in determining whether the **Hainesworth** rule applies in a given

case. Nevertheless, Appellant is still not entitled to relief. The totality of circumstances surrounding Appellant's plea does not justify application of the ***Hainesworth*** rule, nor does ***Partee*** suggest that it should. Partee, like Hainesworth, entered a negotiated plea with the Commonwealth. In this case, however, there are no terms in a negotiated plea to consider because there was no negotiated plea. Indeed, there was no evidence of any negotiation with the Commonwealth at all.

Appellant draws our attention to some evidence that he was made aware of his Megan's Law obligations. For instance, during the plea process, Appellant signed a form acknowledging his Megan's Law registration requirements for the crimes to which he was pleading guilty. ***See*** Appellant's Reply Brief, Appendix C, 1-2. However, mere awareness of the consequences of a conviction for a Megan's Law offense does not automatically implicate the ***Hainesworth*** rule. Moreover, unless the Megan's Law implications were at least an implicit basis upon which an agreement or bargain was reached with the Commonwealth, ***Hainsesworth*** is not applicable. This does not necessarily require a written plea agreement, or specific terms addressing Megan's Law, but it does require some evidence that the result of the plea in terms of its Megan's Law implications was the product of a negotiation with the Commonwealth. Routine Megan's law notifications given during plea or sentencing hearings are not the product of negotiations with the Commonwealth.

In **Partee**, this Court found that Partee's "negotiated plea agreement was structured so that he would only be subject to a ten-year rather than a lifetime reporting requirement," as evidenced by the fact that "[t]he two charges carrying a lifetime registration requirement were withdrawn by the Commonwealth as part of the negotiations, leaving Appellant subject to the less onerous ten-year reporting requirement …." **Partee**, 86 A.3d at 249. In that regard, the circumstantial evidence that Partee's plea was entered as the product of a negotiation with the Commonwealth was nearly identical to circumstances present in **Hainesworth**. Here, however, no charges were dropped in exchange for Appellant's guilty plea and there was no plea agreement. Accordingly, we conclude that Appellant is not entitled to relief under **Hainesworth**.

Order **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2015